**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ZYMERGEN INC., et al.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-11661 (KBO)<br><br>(Jointly Administered)<br><br>Re: D.I. 204 |

**SECURITIES LITIGATION CLASS REPRESENTATIVE'S
RESERVATION OF RIGHTS WITH RESPECT TO THE DEBTORS'
MOTION FOR ENTRY OF AN ORDER APPROVING THE
SETTLEMENT AGREEMENT WITH GINKGO BIOWORKS, INC. AND
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Biao Wang (the "Class Representative"), the court appointed Class Representative in the certified securities class action captioned as *Biao Wang, Individually and on Behalf of All Others Similarly Situated, Plaintiff v. Zymergen Inc. et al., Defendant*, Case No. 21-cv-06028 (the "Securities Litigation") pending in the United States District Court for the Northern District of California (the "District Court"), for himself and on behalf of the certified class in the Securities Litigation (the "Certified Class"), hereby submits this reservation of rights (the "ROR") with respect to the motion (the "Motion") [Docket No. 204] for entry of an order approving that certain Settlement Agreement[2] between the above-captioned debtors-in-possession (the "Debtors"), Ginkgo Bioworks, Inc., and the Official Committee of Unsecured Creditors (the "Committee"). In support of this Limited Objection, the Class Representative respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the Debtors' federal tax identification numbers, are Zymergen Inc. (2439), Lodo Therapeutics Corporation (8730), enEvolv, Inc. (2402), and Genesis Acquisition Sub, LLC (3640). The corporate headquarters and the mailing address for the Debtors is 1440 Stanford Ave., Emeryville, California 94608.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

1

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

1. The Class Representative generally does not oppose the Motion based on the Settlement Agreement attached thereto, in their current form.

2. However, the Settlement Agreement contemplates that the Debtors will seek confirmation of an "Agreed Plan" that includes releases to be given by holders of claims in favor of non-Debtor third parties (the "Third-Party Release") and an opt-out mechanism with respect to such Third-Party Release. *See* Settlement Agreement, ¶¶ 12 and 14(d). The Settlement Agreement states that the Committee shall support and not object to the Plan. *Id.*, ¶ 14. Further, the Settlement Agreement states that the Plan may be further amended "in a manner not adverse to the Committee or any Class 3 Creditor or Class 4 Creditor with the Committee's prior consent . . . ."

3. In light of the foregoing, the Class Representative has serious concerns regarding presumptions that may be drawn from the Settlement Agreement – including, without limitation, any presumption that the Third-Party Release and/or its corresponding opt-out mechanism is appropriate (particularly with respect to the members of the Certified Class and claims asserted in the Securities Litigation), or that the Committee has authority to consent to Plan provisions on behalf of all parties in interest (such as the Class Representative or the members of the Certified Class). The Class Representative therefore reserves all rights, on behalf of himself and the Certified Class, with respect to the Plan, the Disclosure Statement, and any aspects of the Plan referenced in the Settlement Agreement (including, without limitation, the Third-Party Release and opt-out mechanism in connection therewith). The Class Representative further reserves his right, individually and on behalf of the Certified Class, to object to any of the foregoing at the

appropriate time in connection with the Debtors' confirmation process, despite the potential approval of the Settlement Agreement.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: December 6, 2023<br>Wilmington, Delaware | **CROSS & SIMON, LLC**<br><br>*/s/ Christopher P. Simon*<br>Christopher P. Simon (No. 3697)<br>1105 North Market Street, Suite 901<br>Wilmington, DE 19801<br>Telephone: (302) 777-4200<br>Facsimile: (302) 777-4224<br>csimon@crosslaw.com<br><br> - and -<br><br>**LOWENSTEIN SANDLER LLP**<br>Michael S. Etkin, Esq.<br>Andrew Behlmann, Esq.<br>Michael Papandrea, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>Telephone 973-597-2500<br>metkin@lowenstein.com<br>abehlmann@lowenstein.com<br>mpapandrea@lowentein.com<br><br>*Bankruptcy Counsel to the Securities*<br>*Litigation Class Representative and Certified Class*<br><br>**ROBBINS, GELLER, RUDMAN & DOWD LLP**<br>Shawn Williams, Esq.<br>Daniel J. Pfefferbaum, Esq.<br>Post Montgomery Center<br>One Montgomery Street<br>Suite 1800<br>San Francisco, CA  94104<br>Telephone: (415) 288-4545<br>Facsimile: (415) 288-4534<br>E-mail: shawnw@rgrdlaw.com<br>E-mail: dpfefferbaum@rgrdlaw.com<br><br>*Lead Counsel to the Securities Litigation*<br>*Class Representative and Certified Class* |