## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ZYMERGEN INC., *et al.*, | Case No. 23-11661 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | RE:  Docket No. 319 |

**LIMITED OBJECTION OF LIGHTHOUSE DOCUMENT TECHNOLOGIES, INC. IN RESPONSE TO NOTICE OF FILING OF PLAN SUPPLEMENT TO DEBTORS' FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION**

Lighthouse Document Technologies, Inc. ("**Lighthouse**"), a creditor in the above-captioned chapter 11 cases, hereby submits this limited objection ("**Limited Objection**") with respect to *Notice of Filing of Plan Supplement to Debtors' First Amended Joint Chapter 11 Plan of Liquidation* [Dkt. 319] ("**Notice of Plan Supplement**") and respectfully states as follows:

1. Pursuant to the Services Agreement between Lighthouse and Debtor Zymergen, Inc. dated effective as of July 23, 2021 ("**Services Agreement**"), Lighthouse holds claims in the amount of $136,166.94 ("**Lighthouse Claim Amount**"), as detailed by the proof of claim filed by Lighthouse on December 11, 2023 [Claim Number 10083] ("**Lighthouse Claim**"). Lighthouse does not oppose the assumption of the Services Agreement, provided the Lighthouse Claim Amount is paid to cure the prior defaults. Attached as Exhibit C to the Notice of Plan Supplement is an Assumption Schedule that lists Lighthouse and the Services Agreement with a cure amount of $0.00 ("**Proposed Cure Amount**"), along with a notation acknowledging Lighthouse's proof of claim and providing that the Lighthouse Claim Amount "is expected to be paid by the Debtor's

---

[1] The Debtors in these chapter 11 cases, along with the Debtors' federal tax identification numbers, are Zymergen Inc. (2439), Lodo Therapeutics Corporation (8730), enEvolv, Inc. (2402), and Genesis Acquisition Sub, LLC (3640). The corporate headquarters and the mailing address for the Debtors is 1440 Stanford Ave., Emeryville, California 94608.

applicable insurance policy." However, to date the insurer of the applicable insurance policy, Chubb Federal Insurance Company ("**Insurer**"), has not been responsive to Lighthouse's requests for a position on whether the Insurer will pay the Lighthouse Claim Amount in connection with the applicable insurance policy. See *Declaration of Jesse Krueger in Support of this Limited Objection* ("**Krueger Decl.**"), ¶ 2, attached hereto as **Exhibit A**.  As of the filing of this Limited Objection, Lighthouse has not been paid the Lighthouse Claim Amount. *See* Krueger Decl., ¶ 2.

2. Before assuming and assigning any executory contract, the Debtors must cure (or provide adequate assurance of a prompt cure of) any default under the contract to be assumed. 11 U.S.C. § 365(b)(1)(A); *see also Stanley Jacobs Prod., Ltd. v. 9472541 Can. Inc. (In re Thane Int'l, Inc.)*, 586 B.R. 540, 549 (Bankr. D. Del. 2018) ("the Bankruptcy Code is clear—there simply cannot be an assumption without providing the necessary cure or adequate assurance of one.").

3. Moreover, the party moving for assumption of an executory contract bears the burden of proving that the Bankruptcy Code requirements for assumption have been satisfied. *See id.*, at 546 ("The debtor has the burden to show that a contract is assumable and that Section 365 has been met . . . ."). Debtors' statement that the cure is "expected" to be achieved through the payment of an insurance policy is neither a cure nor adequate assurance of a cure under the Bankruptcy Code, as there is no provision for the payment of the Lighthouse Claim Amount to Lighthouse should Insurer refuse to pay it. This lack of adequate assurance is exacerbated by Insurer's silence to Lighthouse's numerous attempts to confirm the Lighthouse Claim Amount will be paid as the Notice of Plan Supplement "expects". *See* Krueger Decl., ¶ 2.

4. Accordingly, Lighthouse objects to the Notice of Plan Supplement because it lacks adequate provision for the Debtors' payment of the Lighthouse Claim Amount should the Insurer refuse to pay it, and requests that Debtors amend the Notice of Plan Supplement to provide that

Debtors will promptly pay the Lighthouse Claim Amount to cure the Services Agreement should Insurer fail to do so.

5. Lighthouse reserves the right to amend and/or supplement this Limited Objection, including, without limitation, to provide additional detail or specifications regarding amounts due and owing from the Debtors to cure the Services Agreement, to add or supplement objections to the Debtors' Proposed Cure Amount, and to raise any additional objections to the assumption, or assumption and assignment, of the Services Agreement and any related agreements.

WHEREFORE, Lighthouse respectfully requests that unless and until adequate assurance of a prompt cure is provided as required by section 365(b)(1)(A) that assumption and assignment of the Services Agreement be denied; and requests such other and further relief as is deemed appropriate based on the facts and circumstances.

Dated: January 24, 2024

**SAUL EWING LLP**

By: */s/ John D. Demmy*
John D. Demmy (DE Bar No. 2802)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6848
Email: john.demmy@saul.com

-and-

Lawrence R. Ream, WSBA #18159
Daniel R. Kubitz, WSBA #55512
**SCHWABE, WILLIAMSON & WYATT, P.C.**
1420 5th Avenue, Ste 3400
Seattle, WA 98101
Telephone: 206-622-1711
Facsimile: 206-292-0460
Email: lream@schwabe.com
Email: dkubitz@schwabe.com

*Attorneys for Creditor Lighthouse Document Technologies, Inc.*