## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| ZYMERGEN INC., *et al.*,[1] | Case No. 23-11661 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 27, 28, 208** |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE DEBTORS' FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION

Upon consideration of the Debtors' *First Amended Joint Chapter 11 Plan of Liquidation*, dated February 1, 2024, attached hereto as Exhibit A (together with all exhibits thereto, and as may be amended, modified, or supplemented, the "Plan") proposed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and this Court having approved the *Disclosure Statement for First Amended Joint Chapter 11 Plan of Liquidation* [D.I. 281] (the "Disclosure Statement"), by order dated December 20, 2023 [D.I. 277] (the "Solicitation Procedures Order"); and the Debtors having filed the Plan Supplement on January 24, 2024 [D.I. 319], as may be amended, modified, or supplemented, the ("Plan Supplement"); and upon the affidavit of service filed reflecting compliance with the notice and solicitation requirements of the Solicitation Procedures Order [D.I. 298] (collectively, the "Notice Affidavit"); and upon the *Notice of (I) Approval of Disclosure Statement, (II) Deadline for Casting Votes to Accept or Reject the Plan, and (III) The Hearing to Consider Confirmation of the Plan* [D.I. 284] (the "Hearing Notice"); and upon the *Declaration of Emily Young of Epiq Corporate Restructuring*

---

[1]  The Debtors in these chapter 11 cases, along with the Debtors' federal tax identification numbers, are Zymergen Inc. (2439), Lodo Therapeutics Corporation (8730), enEvolv, Inc. (2402), and Genesis Acquisition Sub, LLC (3640).  The corporate headquarters and the mailing address for the Debtors is 1440 Stanford Ave., Emeryville, California 94608.

*LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the First Amended Joint Chapter 11 Plan of Liquidation* [D.I. 343], filed with this Court on January 31, 2024 (the "<u>Voting Declaration</u>"); and upon the *Declaration of Ivona Smith in Support of Confirmation of the First Amended Joint Chapter 11 Plan of Liquidation* [D.I. 353] (the "<u>Smith Declaration</u>"), filed with this Court on February 1, 2024; and upon the *Memorandum of Law in Support of Confirmation of the First Amended Joint Chapter 11 Plan of Liquidation* [D.I. 354], filed with this Court on February 1, 2024 (the "<u>Confirmation Memorandum</u>"); and any objections to the Plan having been resolved and/or overruled by this Court pursuant to this Confirmation Order; and a hearing to consider confirmation of the Plan having been held on February 5, 2024 (the "<u>Confirmation Hearing</u>"); and upon the evidence adduced and proffered and the arguments of counsel made at the Confirmation Hearing; and this Court having reviewed all documents in connection with Confirmation and having heard all parties desiring to be heard; and upon the record of these chapter 11 cases; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.     **Findings of Fact and Conclusions of Law.** The findings and conclusions set forth herein, together with the findings of fact and conclusions of law set forth on the record at the Confirmation Hearing, constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to these proceedings pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

- 2 -

B.     **Capitalized Terms.** Capitalized terms used but not defined herein shall have the respective meanings attributed to such terms in the Plan, the Disclosure Statement, and the Plan Supplement, as applicable.

C.     **Jurisdiction and Venue.** This Court has jurisdiction over these chapter 11 cases pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution, and the Debtors consent to entry of this Confirmation Order under the Local Rules and Article III of the United States Constitution. Venue of these proceedings and these chapter 11 cases is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D.     **Chapter 11 Petitions.** On October 3, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). On October 13, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors [D.I. 53, 62, 134] (the "Committee").   No party has requested the appointment of a trustee or examiner in these chapter 11 cases.

E.     **Judicial Notice.** This Court takes judicial notice of the docket in these chapter 11 cases maintained by the Clerk of this Court and/or its duly appointed agent, including, without limitation, all pleadings, notices, and other documents filed, all orders entered, and all evidence

and arguments made, proffered or adduced at the hearings held before this Court during these chapter 11 cases, including, without limitation, the Confirmation Hearing.

F.    **Plan Supplement.** Prior to the Confirmation Hearing, the Debtors filed the Plan Supplement. The Plan Supplement complies with the terms of the Plan, and the filing and notice of the Plan Supplement was appropriate, timely, and adequate, and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order, and no other or further notice is or shall be required. All parties had an opportunity to appear and be heard in connection with the Plan Supplement. The Debtors and/or the Liquidation Trustee, as applicable, are authorized to modify the Plan Supplement documents in accordance with their respective terms following entry of this Confirmation Order in a manner consistent with this Confirmation Order and/or the Plan.

G.    **Mailing of Solicitation and Confirmation Materials.** As is evidenced by the Voting Declaration and the Notice Affidavit, the transmittal and service of the Plan, the Disclosure Statement, the Ballots, the Confirmation Hearing Notice, the Opt-Out Election Form, and the Notice of Non-Voting Status were adequate and sufficient under the circumstances, and all parties required to be given notice of the Plan and the Confirmation Hearing (including the deadline for filing and serving objections to Confirmation of the Plan) have been given due, proper, timely, and adequate notice thereof and an opportunity to appear and be heard in accordance with the Solicitation Procedures Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law. No other or further notice of the Plan and the Confirmation Hearing is required.

H.    **Voting.** The procedures by which the Ballots for acceptance or rejection of the Plan were distributed and tabulated under the circumstances of these chapter 11 cases were fair,

- 4 -

properly conducted, and complied with the Bankruptcy Code and the Bankruptcy Rules, applicable non-bankruptcy law and the Solicitation Procedures Order.

I.      **Bankruptcy Rule 3016.** The Plan and Disclosure Statement, and the filing of each, comply with Bankruptcy Rule 3016.

J.      **Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).** The classification of Claims and Interests under the Plan is proper under the Bankruptcy Code. In addition to Administrative Expense Claims, Fee Claims, Priority Tax Claims, and U.S. Trustee Fees, which need not be classified, the Plan designates seven Classes of Claims and Interests. The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

K.      **Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).** Section III of the Plan specifies that Class 1 (Other Priority Claims) and Class 2 (Secured Claims) are Unimpaired under the Plan. Thus, section 1123(a)(2) of the Bankruptcy Code is satisfied.

L.      **Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).** Section III of the Plan designates Class 3 (General Unsecured Claims), Class 4 (Subordinated Claims), Class 5 (Interests), Class 6A (Intercompany Claims), Class 6B (Intercompany Interests) as Impaired and specifies the treatment of Claims and Interests in such Classes. Thus, section 1123(a)(3) of the Bankruptcy Code is satisfied.

M.      **No Discrimination (11 U.S.C. § 1123(a)(4)).** The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the holder of a

particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest. Thus, section 1123(a)(4) of the Bankruptcy Code is satisfied.

N.      **Implementation of the Plan (11 U.S.C. § 1123(a)(5)).** The Plan, including the provisions governing the Liquidation Trust, provides adequate and proper means for the Plan's implementation. Thus, section 1123(a)(5) of the Bankruptcy Code is satisfied.

O.      **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).** The Plan does not provide for the issuance of non-voting securities, all Interests in the Debtors shall be cancelled, and the Debtors' corporate entities shall be wound down. Therefore, section 1123(a)(6) of the Bankruptcy Code is satisfied.

P.      **Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)).** Section 6.3 of the Plan provides that the Liquidation Trust shall be administered by the Liquidation Trustee in accordance with the Plan and the Liquidation Trust Agreement. The Liquidation Trustee shall be selected by the Committee in consultation with the Debtors and serve as a fiduciary of each of the Wind-Down Estates as of the Effective Date. The Liquidation Trustee shall oversee the Liquidation Trust and/or the administration of the Plan, as applicable, and the wind-down of the Debtors' Estates. The Liquidation Trustee shall be vested with the power to act for the Debtors in the same capacity as applicable to a board of directors and officers, subject to the provisions in the Plan and the Liquidation Trust Agreement (and all articles of incorporation or amendments, by-laws, governing documents, and related documents of the Debtors, as applicable, are deemed amended pursuant to the Plan to permit and authorize the same).  From and after the Effective Date, the Liquidation Trustee shall be the sole representative of and shall act for the Debtors and their Estates.

Q. **Plan Provisions are Appropriate (11 U.S.C. § 1123(b)).** The Plan's provisions are appropriate, in the best interests of the Debtors and their Estates, and consistent with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

R. **Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(1), (b)(2)).** The Debtors have exercised reasonable business judgment in determining to either assume, assume and assign, or reject each of the Debtors' remaining Executory Contracts and Unexpired Leases as provided for in the Plan, the Plan Supplement, and this Confirmation Order, and any such determinations under the circumstances are justified and appropriate.

S. **Compromises and Settlements Under and in Connection with the Plan (11 U.S.C. § 1123(b)(3)(A)).** All of the settlements and compromises pursuant to and in connection with the Plan comply with the requirements of section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019. Accordingly, except as otherwise set forth in the Plan or herein, in consideration for the distributions and other benefits provided for under the Plan, including the release, exculpation, and injunction provisions, the Plan shall constitute a good faith compromise and settlement of all Claims and controversies resolved pursuant to the Plan.

T. **Releases, Exculpations, and Injunctions (11 U.S.C. § 1123(b)(3)(B)).** Under the facts and circumstances of these chapter 11 cases, the releases, exculpations, and injunctions provided for in the Plan are, subject to the terms and limitations set forth in the Plan: (i) within the jurisdiction of this Court under 28 U.S.C. § 1334, (ii) an appropriate exercise of the Debtors' business judgment, (iii) integral elements of the transactions incorporated into the Plan and inextricably bound with the other provisions of the Plan, (iv) in exchange for good and valuable consideration provided by the Released Parties, (v) in the best interests of the Debtors, the Estates, and all holders of Claims and Interests that are Releasing Parties, (vi) fair, equitable, and

reasonable, (vii) given and made after due notice and an opportunity to object, opt-out, and be heard with respect thereto, (viii) consistent with sections 105, 524, 1123, 1129, and 1141 and other applicable provisions of the Bankruptcy Code and other applicable law, and (ix) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties as and to the extent provided for in the Plan and this Confirmation Order.

U.  **Plan Compliance with Bankruptcy Code (11 U.S.C. § 1123(b)(5)).** In accordance with section 1123(b)(5) of the Bankruptcy Code, Section 4 of the Plan modifies or leaves unaffected, as the case may be, the rights of holders of Claims and Interests in each Class.

V.  **Plan Compliance with Bankruptcy Code (11 U.S.C. § 1123(b)(6)).** In accordance with section 1123(b)(6) of the Bankruptcy Code, the Plan includes various additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code.

W.  **Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).** As set forth below, the Plan complies with all of the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

X.  **Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).** Pursuant to section 1129(a)(2) of the Bankruptcy Code, the Debtors have complied with the applicable provisions of the Bankruptcy Code, including, without limitation, sections 1122, 1123, 1124, 1125, and 1126 of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order governing notice, disclosure, and solicitation in connection with the Plan, the Disclosure Statement, the Plan Supplement, and all other matters considered by this Court in connection with these chapter 11 cases.

Y.  **Plan Proposed in Good Faith and Not by Means Forbidden by Law (11 U.S.C. § 1129(a)(3)).** The Debtors have proposed the Plan in good faith and not by any means forbidden

by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, this Court has examined the totality of the circumstances surrounding the filing of these chapter 11 cases, the Plan itself, and the process leading to its formulation. The Plan is the result of extensive arm's length negotiations among the Debtors, the Committee, and other key stakeholders. The Plan promotes the objectives and purposes of the Bankruptcy Code.

Z.     **Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).** The procedures set forth in the Plan for this Court's approval of the fees, costs, and expenses to be paid in connection with these chapter 11 cases, or in connection with the Plan and incident to these chapter 11 cases, satisfy the objectives of, and are in compliance with, section 1129(a)(4) of the Bankruptcy Code.

AA.     **Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).** In accordance with the Plan, the Debtors' corporate entities will be wound down and, pursuant to Section 6.6 of the Plan, upon the occurrence of the Effective Date, each of the Debtors' officers, directors, and managers shall be deemed to be terminated (except to the extent retained by the Liquidation Trustee, subject to a separate agreement with the Liquidation Trustee). The identity of the Liquidation Trustee has been disclosed as part of the Plan Supplement and is consistent with the interests of holders of Claims and Interests and with public policy. Thus, the Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

BB.     **Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).** The "best interests" test is satisfied as to all Impaired Classes under the Plan, as each holder of a Claim or Interest in such Impaired Classes will receive or retain property of a value, as of the Effective Date, that is not less

than the amount that such holder would so receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.

CC.    **Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).** Class 1 (Other Priority Claims) and Class 2 (Secured Claims) are left unimpaired under the Plan. Class 3 (General Unsecured Claims) has voted to accept the Plan in accordance with the Bankruptcy Code, thereby satisfying section 1129(a)(8) as to that Classes. Class 4 (Subordinated Claims), Class 5 (Interests), Class 6A (Intercompany Claims), and Class 6B (Intercompany Interests) are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Accordingly, section 1129(a)(8) of the Bankruptcy Code has not and cannot be satisfied. The Plan, however, is still confirmable because it satisfies the nonconsensual confirmation provisions of section 1129(b), as set forth below.

DD.    **Treatment of Administrative Expense Claims, Fee Claims, Priority Tax Claims, and U.S. Trustee Claims (11 U.S.C. § 1129(a)(9)).** The treatment of Administrative Expense Claims, Fee Claims, Priority Tax Claims, and U.S. Trustee Fees pursuant to Section 2 of the Plan satisfies section 1129(a)(9) of the Bankruptcy Code.

EE.    **Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)).** Class 3 (General Unsecured Claims) is Impaired and voted to accept the Plan, excluding any acceptance of the Plan by any insider. Therefore, section 1129(a)(10) of the Bankruptcy Code is satisfied.

FF.    **Feasibility (11 U.S.C. § 1129(a)(11)).** The evidence supporting the Plan proffered or adduced by the Debtors at, or prior to, or in declarations filed in connection with the Confirmation Hearing establish that the Debtors have the wherewithal to make all payments and otherwise comply with their financial commitments under the Plan.

GG.      **Payment of Fees (11 U.S.C. § 1129(a)(12)).** All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to the Plan, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

HH.      **Miscellaneous Provisions (11 U.S.C. §§ 1129 (a)(6), 1129(a)(13)–(16)).** Sections 1129(a)(6), (a)(13)–(16) of the Bankruptcy Code are inapplicable to Confirmation, as the Debtors (i) will not have any businesses involving the establishment of rates (section 1126(a)(6)), (ii) are not obligated to pay retiree benefits (as defined in section 1114(a) of the Bankruptcy Code) (section 1129(a)(13)), (iii) have no domestic support obligations (section 1129(a)(14)), (iv) are not individuals (section 1129(a)(15)), and (v) are not nonprofit corporations (section 1129(a)(16)).

II.      **No Unfair Discrimination; Fair and Equitable Treatment (11 U.S.C. § 1129(b)).** The classification and treatment of Claims and Interests in Class 4 (Subordinated Claims), Class 5 (Interests), Class 6A (Intercompany Claims), and Class 6B (Intercompany Interests), which are deemed to have rejected the Plan, is proper pursuant to section 1122 of the Bankruptcy Code, does not discriminate unfairly, and is fair and equitable pursuant to section 1129(b)(1) of the Bankruptcy Code. There is no Class of Claims or Interests junior to the holders of Claims and Interests in Class 4, Class 5, Class 6A, or Class 6B that will receive or retain property under the Plan on account of their Claims or Interests. Accordingly, the Plan does not violate the absolute priority rule, does not discriminate unfairly, and is fair and equitable with respect to each Class that is deemed to have rejected the Plan. Thus, the Plan satisfies section 1129(b) of the Bankruptcy Code.

JJ.      **Only One Plan (11 U.S.C. § 1129(c)).** The Plan is the only chapter 11 plan currently proposed in these chapter 11 cases, and section 1129(c) of the Bankruptcy Code is therefore satisfied.

KK.     **Principal Purpose (11 U.S.C. § 1129(d)).** The principal purpose of the Plan is neither the avoidance of taxes, nor the avoidance of the application of section 5 of the Securities Act of 1933, and no governmental unit has objected to Confirmation on any such grounds. Accordingly, section 1129(d) of the Bankruptcy Code is inapplicable.

LL.     **Liquidation Trust.** Entry into the Liquidation Trust Agreement is in the best interests of the Debtors and the Debtors' Estates and creditors. The establishment of the Liquidation Trust, the selection of the Liquidation Trustee, the form of the Liquidation Trust Agreement (as may be modified or amended from time to time), is appropriate and in the best interest of the Debtors' creditors. The Liquidation Trust Agreement shall, upon the Effective Date, be valid, binding, and enforceable in accordance with its terms.

MM.     **Satisfaction of Confirmation Requirements.** Based upon the foregoing, the Plan satisfies the requirements for Confirmation set forth in the Bankruptcy Code and should be confirmed.

NN.     **Good Faith Solicitation (11 U.S.C. § 1125(e)).** The Debtors and their officers, directors, employees, advisors, Professionals, and agents, and the Committee and its Professionals and members, in each case, have acted in good faith within the meaning of section 1125(e) of the Bankruptcy Code, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and they are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the injunction and exculpation provisions set forth in Section 11 of the Plan and in this Confirmation Order.

OO.    **Retention of Jurisdiction.** This Court may properly retain jurisdiction over the matters set forth in Section 12 of the Plan and/or section 1142 of the Bankruptcy Code.

**Based upon the foregoing findings, and upon the record made before this Court at the Confirmation Hearing, and good and sufficient cause appearing therefor, it is hereby ORDERED, ADJUDGED AND DECREED THAT:**

<u>**Confirmation of the Plan**</u>

1.      The Plan, as and to the extent modified by this Confirmation Order, is approved and confirmed pursuant to section 1129 of the Bankruptcy Code. All objections to Confirmation and the Plan not otherwise withdrawn, resolved, or otherwise disposed of are overruled and denied on the merits.

2.      The terms of the Plan are incorporated by reference into (except to the extent modified by this Confirmation Order), and are an integral part of, this Confirmation Order. Each provision of the Plan, as modified by this Confirmation Order, is authorized and approved and shall have the same validity, binding effect, and enforceability as every other provision of the Plan. The failure specifically to describe, include, or refer to any particular article, section, or provision of the Plan, Plan Supplement, or any related document in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, and the Plan, the Plan Supplement, and all related documents are approved and confirmed in their entirety as if set forth verbatim in this Confirmation Order.

<u>**Conditions Precedent**</u>

3.      The Effective Date shall not occur unless the conditions precedent set forth in Section 10.1 of the Plan have been satisfied or waived in accordance with Section 10.2 of the Plan:

      (a)      the Court shall have entered the Confirmation Order, and the Confirmation Order shall have become a Final Order;

(b)     all funding, actions, documents and agreements necessary to implement and consummate the Plan and the transactions and other matters contemplated thereby, shall have been effected or executed, including the funding of the Wind-Down Reserve;

(c)     either (x) the Ginkgo Transaction and Pivot Bio Transaction shall have been consummated in accordance with the relevant acquisition agreements and Sale Orders or (y) if the Ginkgo Transaction and Pivot Bio Transaction are not consummated, the Stalking Horse Transaction shall have been consummated in accordance with the relevant acquisition agreement and Sale Order;

(d)     the Liquidation Trust shall be established and validly existing and the Liquidation Trust Agreement shall have been executed;

(e)     all professional fees and expenses that, as of the Effective Date, were due and payable under an order of the Court shall have been paid in full, other than any Fee Claims subject to approval by the Court;

(f)     the Debtors shall have funded the Professional Fees Account in accordance with Section 2.3 of the Plan;

(g)     the Debtors shall have sufficient Cash on hand to pay in full, or reserve for, the projected Allowed Administrative Expense Claims, Allowed Fee Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims, Allowed Secured Claims and U.S. Trustee Fees;

(h)     no Governmental Unit or federal or state court of competent jurisdiction shall have enacted, issued, promulgated, enforced or entered any law or order (whether temporary, preliminary or permanent), in any case which is in effect and which prevents or prohibits consummation of the Plan or any of the other transactions contemplated hereby and no Governmental Unit shall have instituted any action or proceeding (which remains pending at what would otherwise be the Effective Date) seeking to enjoin, restrain or otherwise prohibit consummation of the transactions contemplated by the Plan;

(i)     all authorizations, consents, regulatory approvals, rulings or documents that are necessary to implement and effectuate the Plan as of the Effective Date shall have been received, waived or otherwise resolved; and

(j)     all documents and agreements necessary to implement the Plan, including those set forth in the Plan Supplement, shall have (i) been tendered for delivery and (ii) been effected or executed by all Entities party thereto, and all conditions precedent to the effectiveness of such documents and agreements shall have been satisfied or waived pursuant to the terms of such documents or agreements.

## Compromises and Settlements Under the Plan

4.      Pursuant to section 1123 of the Bankruptcy Code, upon the Effective Date, all settlements and compromises set forth in the Plan are approved in all respects, and constitute good faith compromises and settlements.

## Classification and Treatment

5.      The Plan's classification scheme is approved. The classifications set forth on the Ballots (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, (c) may not be relied upon by any holder as representing the actual classification of such Claim under the Plan for distribution purposes, and (d) shall not be binding on the Debtors and/or the Liquidation Trustee, as applicable, except for Plan voting purposes.

## Authorization to Implement the Plan

6.      The Debtors and/or the Liquidation Trustee, as applicable, are authorized to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate the Plan and to execute, enter into, or otherwise make effective all agreements, documents, instruments, notices and certificates in connection therewith, prior to, on, and after the Effective Date, all without further action under applicable law, regulation, order, or direction by the pre-Effective Date officers or directors of the Debtors.

7.      On or after the Effective Date, the Debtors or the Liquidation Trustee, as applicable, are authorized to adjust, continue, settle, reinstate, discharge or eliminate all Allowed Intercompany Claims and Intercompany Interests, in each case to the extent the Debtors or Liquidation Trustee, as applicable, deem appropriate.

8.     The approvals and authorizations specifically set forth in this Confirmation Order shall not limit the authority of the Liquidation Trustee or the Debtors, or any of their respective representatives or agents, to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan, the Plan Supplement, including the Liquidation Trust Agreement, or this Confirmation Order.

**<u>Enforceability of the Plan</u>**

9.     Pursuant to sections 1123(a), 1141(a) and 1142 of the Bankruptcy Code, the Plan and all related documents, including, but not limited to, the Liquidation Trust Agreement, shall be valid, binding and enforceable.

10.     On the Effective Date, the Debtors shall irrevocably transfer and shall be deemed to have irrevocably transferred to the Liquidation Trust all of their rights, title, and interest in and to all of the Liquidation Trust Assets free and clear of all liens, claims, and encumbrances, except to the extent otherwise provided in the Plan or this Confirmation Order, in accordance with section 1141 of the Bankruptcy Code. Such transfer shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax.

**<u>The Liquidation Trust</u>**

11.     On the Effective Date, the Liquidation Trust, in accordance with the terms of the Liquidation Trust Agreement and the Plan, shall be deemed established for the benefit of the Liquidation Trust Beneficiaries. Pursuant to the Plan and the Liquidation Trust Agreement, all of the Liquidation Trust Assets shall be deemed to have been vested in the Liquidation Trust on the Effective Date.  The Liquidation Trustee may use, acquire and dispose of property, including the Liquidation Trust Assets, in accordance with the terms of this Confirmation Order, the Liquidation Trust Agreement and the Plan, and shall have the exclusive right, authority, and standing to initiate, file, prosecute, abandon, compromise, settle, withdraw, litigate to judgment or release any Claims

and Causes of Action that are Liquidation Trust Assets or to take, or to refrain from taking, any other action which the Liquidation Trustee deems necessary or desirable in conjunction with the wind-down of the Debtors and their affiliates,  in each case without supervision of, or approval by, the Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules other than restrictions expressly imposed by the Plan, the Liquidation Trust Agreement or this Confirmation Order. Neal Goldman is hereby appointed as the Liquidation Trustee effective as of the Effective Date. The Liquidation Trustee shall be the representative of the Estate of each Debtor as that term is used in Section 1123(b)(3)(B) of the Bankruptcy Code with respect to the rights, powers, authority, and responsibilities specified in the Plan, this Confirmation Order and the Liquidation Trust Agreement. Except as provided in the Plan, the Liquidation Trust Agreement or this Confirmation Order, the Liquidation Trustee shall be the Debtors' successor in interest with respect to the Liquidation Trust Assets and all actions, claims, rights, or interests constituting Liquidation Trust Assets are preserved and retained and may be enforced by the Liquidation Trustee as the representative of the Debtors' Estates pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code.

12.     The formation, rights, powers, duties, structure, obligations and other matters pertaining to the Liquidation Trust shall be governed by the Liquidation Trust Agreement, the Plan and this Confirmation Order.  The terms of the Liquidation Trust Agreement are consistent with the Plan and this Confirmation Order and the Settlement Agreement (as defined below), and are fair, reasonable and in the best interest of the Debtors and their Estates as well as creditors, equity securityholders and other parties in interest.  The Liquidation Trust Agreement is approved, subject to any amendments permitted under the Plan, Liquidation Trust Agreement, and this Confirmation Order in accordance with their respective terms.  The terms of the Liquidation Trust, the selection

and appointment of Neal Goldman as the Liquidation Trustee, and the terms of the Liquidation Trustee's compensation are fair, equitable and reasonable and in the best interest of the Debtors, their respective estates and property, creditors, equity security holders and other parties in interest. Pursuant to the Plan, the Court shall retain jurisdiction over the Liquidation Trust.

13.    The Liquidation Trust shall consist of the Liquidation Trust Assets.  Except as otherwise provided in this Plan or the Confirmation Order, on the Effective Date, the Debtors shall be deemed to have transferred all of the Liquidation Trust Assets held by the Debtors to the Liquidation Trust, and all Liquidation Trust Assets shall vest in the Liquidation Trust on the Effective Date, to be administered by the Liquidation Trustee, in accordance with the Plan and the Liquidation Trust Agreement, free and clear of all Liens, Claims, encumbrances and other Interests.  Thereupon, the Debtors shall have no interest in the Liquidation Trust Assets.

14.    The Initial Distribution shall be made on or as soon as reasonably practicable after the Effective Date in accordance with the Plan and the Liquidation Trust Agreement. If the Initial Distribution Date is prior to the Governmental Bar Date and prior to the filing of a proof of claim by the U.S. Securities and Exchange Commission ("SEC"), the Liquidation Trustee shall consult with the SEC regarding an appropriate reserve, if any, in connection with any potential claim by the SEC. Following the filing of a proof of claim by the SEC, if any, the Liquidation Trustee shall provide the SEC with seven days' notice and an opportunity to object before making a Distribution solely if any such Distribution will result in an insufficient reserve to satisfy the full amount of the SEC's claim. In the event of any such objection by the SEC, the Liquidation Trustee shall not make a Distribution absent the consent of the SEC or order of the Court.

15.    From and after the Effective Date, Liquidation Trust Expenses shall be paid from the Liquidation Trust Assets in the ordinary course of business, in accordance with the Plan, the

Wind-Down Budget and the Liquidation Trust Agreement. Without any further notice to any party or action, order or approval of the Court, the Liquidation Trustee, on behalf of the Liquidation Trust, may employ professionals and pay in the ordinary course of business the reasonable fees of any employed professional (including professionals previously employed by the Debtors or the Committee, but excluding any Affiliates, relatives, or Related Parties to the Liquidation Trustee) for services rendered or expenses incurred on and after the Effective Date that, in the discretion of the Liquidation Trustee, are necessary to assist the Liquidation Trustee in the performance of the Liquidation Trustee's duties under the Plan and the Liquidation Trust Agreement, subject to (i) the Wind-Down Budget and (ii) any limitations and procedures established by the Liquidation Trust Agreement.

### Executory Contracts and Unexpired Leases

16.     The assumption of the Executory Contracts identified on the Assumption Schedule is approved.

17.     On the Effective Date, except as otherwise provided in the Plan, each Executory Contract and Unexpired Lease not previously rejected, assumed, or assumed and assigned (including any Executory Contract or Unexpired Lease assumed and assigned in connection with a Sale Transaction) shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease: (i) as of the Effective Date is subject to a pending motion to assume, assume and assign, terminate or otherwise dispose of such Unexpired Lease or Executory Contract; (ii) is the Settlement Agreement or a contract, lease, or other agreement or document entered into in connection with the Plan; (iii) is a D&O Policy or other insurance policy; or (iv) is identified for assumption on the Assumption Schedule included in the Plan Supplement. For the avoidance of doubt, Executory Contracts and Unexpired

Leases subject to pending motions as set forth in this paragraph shall receive the treatment set forth in separate orders of the Court with respect to such motions.

18.     Executory Contracts and Unexpired Leases identified for assumption on the Assumption Schedule shall be deemed assumed pursuant to section 365 of the Bankruptcy Code as of the Effective Date.

19.     Each Executory Contract and Unexpired Lease assumed pursuant to the Plan or by Order of this Court, and not assigned to a third party on or prior to the Effective Date, shall be assumed by the Wind-Down Estates, and any proceeds and/or receivables owed to the Wind-Down Estates under any Executory Contract and Unexpired Lease shall be deemed a Liquidation Trust Asset.

20.     Unless otherwise provided by a Court order, any Proofs of Claim based on the rejection of the Debtors' Executory Contracts or Unexpired Leases pursuant to the Plan or otherwise, must be filed with the Court and served on the Liquidation Trustee no later than thirty (30) days after notice of the occurrence of the Effective Date. Any Allowed Claims arising from the rejection of the Debtors' Executory Contracts or Unexpired Leases that are not timely filed pursuant to Section 9.2 of the Plan and this paragraph shall be forever disallowed and barred.

### Administrative Expense Claims

21.     Except as otherwise set forth in Section 2.2 of the Plan, requests for payment of Administrative Expense Claims must be filed with the Court and served on the Debtors, the Liquidation Trustee, the Claims Agent, and the United States Trustee, so as to be received by the Administrative Expense Claims Bar Date.  Failure to file and serve an Administrative Expense Claim timely and properly shall result in the Administrative Expense Claim being forever barred and released.

**Governmental Bar Date**

22.     The Governmental Bar Date shall be April 1, 2024.  Failure of a Governmental Unit asserting a Claim against any Debtor to file and serve a Proof of Claim or application for allowance of such Claim (as applicable) with the Court by the Governmental Bar Date shall result in such Claim being forever barred.

**Professional Fees Account and Fee Claims**

23.     On the Effective Date, the Debtors or the Liquidation Trustee, as appropriate, shall fund the Professional Fees Account in accordance with Section 2.3 of the Plan.  Fee Claims shall be paid in Cash from funds held in the Professional Fees Account when such Claims are Allowed by a Final Order of the Court. Neither the Debtors' nor the Liquidation Trust's obligations to pay Fee Claims shall be limited nor be deemed limited to funds held in the Professional Fees Account.

24.     No later than five (5) days before the anticipated Effective Date, Professionals shall provide a good faith estimate of their Fee Claims projected to be outstanding as of the Effective Date and shall deliver such estimate to the Debtors. Such estimate shall not be considered an admission or limitation with respect to the fees and expenses of such Professional and such Professionals are not bound to any extent by the estimates. If a Professional does not provide an estimate, the Debtors may estimate the unbilled fees and expenses of such Professional. The total amount so estimated shall be utilized by the Debtors to determine the amount to be funded to the Professional Fees Account. The Debtors or the Liquidation Trustee shall use Cash on hand to increase the amount of the Professional Fees Account to the extent fee applications are filed after the Effective Date in excess of the amount held in the Professional Fees Account based on such estimates.

25.     All entities seeking an award by the Court of Fee Claims (i) shall file their respective final applications for allowance of compensation for services rendered and

reimbursement of expenses incurred by the date that is forty-five (45) days after the Effective Date, and (ii) shall be paid in full from the Professional Fees Account in such amounts as are Allowed by the Court (A) in accordance with an order entered by the Court approving the interim compensation of Professionals, (B) upon the later of the Effective Date and the date upon which the order relating to any such Allowed Fee Claim is entered or (C) upon such other terms as may be mutually agreed upon between the holder of such an Allowed Fee Claim and the Debtors or the Liquidation Trustee, as applicable.  Objections to such Fee Claims, if any, must be filed and served no later than twenty (20) calendar days after the filing of such fee application or such other date as established by the Court.

26.     The Liquidation Trustee is authorized to pay compensation for services rendered or reimbursement of expenses incurred by any Professional after the Effective Date in the ordinary course and without the need for Court approval. For the avoidance of doubt, such compensation and reimbursement shall include compensation and reimbursement to the Debtors' Professionals for services rendered and expenses incurred after the Effective Date, if any.

27.     When all Allowed Fee Claims have been paid in full, any remaining amount in the Professional Fees Account shall promptly be released from such escrow and revert to, and ownership thereof shall vest in, the Liquidation Trust without any further action or order of the Court.

28.     Until payment in full of all Allowed Fee Claims, funds held in the Professional Fees Account shall not be considered Liquidation Trust Assets or otherwise property of the Liquidation Trust, the Debtors, or their Estates. The Professional Fees Account shall be treated as a trust account for the benefit of holders of Fee Claims and for no other parties until all Allowed Fee

Claims have been paid in full in Cash. No other Liens, claims, or interests shall encumber the Professional Fees Account or Cash held in the Professional Fees Account in any way.

### Release, Injunction, Exculpation and Related Provisions

29.     The release, injunction, exculpation, and related provisions set forth in Section 11 of the Plan are hereby approved and authorized in their entirety, and such provisions are effective and binding on all Entities as and to the extent provided for therein. Notwithstanding the foregoing, nothing in the Plan or this Confirmation Order shall release the claims identified in paragraph 5 of the Settlement Agreement.

### Payment of Statutory Fees

30.     All U.S. Trustee Fees due and payable prior to the Effective Date shall be paid by the Debtors in full in Cash on the Effective Date or as soon as is reasonably practicable thereafter. On and after the Effective Date, the Debtors or the Liquidation Trustee shall pay any and all U.S. Trustee Fees in full in Cash when due and payable. Notwithstanding the limited substantive consolidation described in Section 3 of the Plan, each Debtor or the Liquidation Trustee shall remain obligated to pay U.S. Trustee Fees until the earliest of that particular Debtor's case being closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code. All U.S. Trustee Fees are Allowed. The U.S. Trustee shall not be required to file any Administrative Claim in the case and shall not be treated as providing any release under the Plan with respect to the payment of the U.S. Trustee Fees. The provisions of Section 13.3 of the Plan and this paragraph control and govern any provisions of the Plan to the contrary.

### Asset Sale

31.     Notwithstanding anything to the contrary in this Confirmation Order, the Plan, the Plan Supplement, or the Liquidation Trust Agreement, nothing in this Confirmation Order, the Plan, the Plan Supplement, or the Liquidation Trust Agreement shall affect, prejudice, limit,

modify, release, alter, enjoin or otherwise preclude (i) the provisions of the Sale Order, the Stalking Horse Agreement or the other Transaction Documents, or (ii) the Debtors', their Estates', the Committee's, or Ginkgo's rights, privileges, benefits, obligations, demands, defenses and claims under and in accordance with the Stalking Horse Agreement and the other Transaction Documents and the Sale Order. The Stalking Horse Agreement and the other Transaction Documents shall remain in full force and effect and shall not be affected, limited, modified, released, altered, enjoined or changed by this Confirmation Order, the Plan, the Plan Supplement, or the Liquidation Trust Agreement.

## Dissolution of the Committees

32.    On the Effective Date, the Committee shall dissolve, and the members thereof and the professionals retained by the Committee thereof shall be released and discharged from all rights and duties arising from, or related to, these chapter 11 cases; *provided*, however, that following the Effective Date, the Committee shall continue to exist and have standing and a right to be heard for the following limited purposes: (a) applications, and any relief related thereto, for compensation and requests for allowance of fees and/or expenses under section 503(b) of the Bankruptcy Code, (b) to enforce the releases and exculpations under Section 11 of the Plan of the Committee, the Committee's members (solely in their capacity as such), and the Committee's Related Parties, and (c) any appeals of the Confirmation Order, the Settlement Order, the Sale Order, or any other appeal to which the Committee is or was a party in interest.

## Binding Effect on all Parties

33.    Subject to the occurrence of the Effective Date, the Plan and this Confirmation Order shall be binding and inure to the benefit of the Debtors, the Liquidation Trustee, the Released Parties, the Exculpated Parties, all present and former holders of Claims and Interests, and their respective successors and assigns. Except as expressly provided in the Plan, all agreements,

instruments and other documents filed in connection with the Plan shall be given full force and effect and shall bind all parties referred to therein as of the Effective Date, whether or not such agreements are actually issued, delivered, or recorded on the Effective Date or thereafter and whether or not a party has actually executed such agreement.

34.     Effective as of and subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Confirmation Order, all prior orders entered in these chapter 11 cases, all documents and agreements executed by the Debtors as authorized and directed thereunder, and all motions or requests for relief by the Debtors pending before the Court as of the Effective Date that ultimately are granted shall be binding upon and shall inure to the benefit of the Debtors, the Liquidation Trustee, and their respective successors and assigns.

## **Modifications**

35.     The Plan may be amended, modified or supplemented by the Debtors prior to the Effective Date, in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code. In addition, after the Confirmation Date but before substantial consummation of the Plan, the Debtors may, after consultation with the Committee, institute proceedings in the Court to remedy any defect or omission or reconcile any inconsistencies in the Plan or the Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Plan.

36.     The Plan (other than in respect of the release of Ginkgo set forth in Section 11.5 of the Plan) may be further modified or amended in a manner consistent with the Settlement Agreement and not adverse to the Committee or any holder of a Class 3 Claim or any holder of a Class 4 Claim with the Committee's prior written consent, not to be unreasonably withheld and, solely in the case of a modification or amendment to the scope of Claims included in Class 3, as

contemplated by Section 3.5 of the Plan, or a modification to the release of Ginkgo, with the prior written consent of Ginkgo, such consent not to be unreasonably withheld.

37.     Before the Effective Date, to the extent provided in section 1127 of the Bankruptcy Code, the Debtors, in consultation with the Committee, may make appropriate technical adjustments and modifications to the Plan and any of the documents prepared in connection herewith without further order or approval of the Court.

**<u>Miscellaneous</u>**

38.     Notwithstanding any provision in the Plan, Plan Supplement or this Confirmation Order, including the definition of "Subordinated Claim" in the Plan, any claim by the SEC shall be subject to subordination only in accordance with applicable law and in an appropriate proceeding, which may include a contested matter. All rights of the Debtors, Committee, Liquidation Trust, and other parties to object to and seek subordination of any SEC claim, and all defenses of the SEC to any such objection or request to subordinate any such claim, are preserved in their entirety.

39.     Notwithstanding any provision to the contrary, nothing in the Plan, Plan Supplement or this Confirmation Order, except as set forth in Section 11.6 of the Plan, shall (i) release, enjoin, or discharge any monetary or non-monetary claim, right or cause of action of the SEC against any Released Party, or any other non-debtor Person or non-debtor Entity; <u>provided</u>, <u>however</u>, that any Claim by the SEC against the Debtors or the Liquidation Trust must comply with the provisions of the Plan and order establishing the Bar Date [D.I. 124] (including the Governmental Bar Date), and the SEC shall be forever barred from asserting such Claim against the Debtors or the Liquidation Trust if it does not comply therewith, or (ii) prevent, restrict, limit, enjoin, or impair the SEC from taking any action to enforce the SEC's police and regulatory

powers as set forth in section 362(b)(4) of the Bankruptcy Code.  Subject to all applicable defenses of the SEC, the Debtors, the Committee, and Liquidation Trustee reserve the right to request that the Bankruptcy Court estimate, subordinate, or object to on any basis any Claim filed by the SEC against a Debtor.

40.     Notwithstanding any provision in the Plan, Plan Supplement or this Confirmation Order, including the definition of "Subordinated Claim" in the Plan, any claim by of J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, BofA Securities, Inc., UBS Securities LLC, and Lazard Frères & Co. LLC (collectively, the "Underwriters") shall be subject to subordination only in accordance with applicable law.  All rights of the Debtors, Committee, Liquidation Trust, and other parties to object to and seek subordination of any claim by the Underwriters, and all defenses of the Underwriters to any such objection or request to subordinate any such claim, are preserved in their entirety.

41.     Until the earlier of (i) the entry of a final order authorizing the destruction, abandonment, or other disposition of the Potentially Relevant Books and Records (defined below) by the Court or another court of competent jurisdiction, *provided that* the lead plaintiff and class representative (the "Lead Plaintiff") in the securities class action pending in the United States District Court for the Northern District of California under the caption, *Biao Wang, Individually and on Behalf of All Others Similarly Situated, Plaintiff v. Zymergen Inc. et al., Defendant*, Case No. 21-cv-06028 (the "Securities Litigation"), is given notice and an opportunity to object with respect to such order; (ii) entry of a final judgment, including after the final resolution of any appeal, or settlement in the Securities Litigation, (iii) the date Potentially Relevant Books and Records (defined below) that were not previously produced in the Securities Litigation in native format are provided to counsel for the Lead Plaintiff ("Plaintiff's Counsel") in original or native

version (to the extent such records currently exist in that format), or (iv) the receipt of Plaintiff's Counsel's affirmative written consent (e-mail being sufficient), the Debtors or any liquidation trust established under the Debtors' proposed *Joint Chapter 11 Plan of Liquidation* (as may be amended, supplemented and modified), as transferee of the Debtors' books, records, documents, files, electronic data, or any tangible materials potentially relevant to the Securities Litigation (collectively, the "Potentially Relevant Books and Records"), shall preserve and take reasonable measures to preserve – in an accessible native format (to the extent such records currently exist in that format) – the Potentially Relevant Books and Records, and shall not alter, destroy, abandon, or otherwise render unavailable any Potentially Relevant Books and Records.

42.     Notwithstanding anything to the contrary in the Plan or this Confirmation Order, nothing herein or in the Plan shall preclude the Lead Plaintiff from pursuing, on behalf of himself and the certified class he represents (the "Class"), the claims now or hereafter asserted in the Securities Litigation against the Debtor(s), solely to the extent of available insurance. Solely for purposes of potentially accessing the Debtors' available insurance, such claims are preserved and not discharged by the Plan. For the avoidance of doubt, other than through available insurance, the Class Representative and Class shall not be entitled to any distributions from the Debtors or the Liquidation Trust on account of proofs of claim numbers 10078 and 10080, or any other claims filed by the Class Representative or Class (or any member thereof) relating to or arising from the claims or causes of action asserted in the Securities Litigation.

43.     Notwithstanding anything to the contrary in this Order, the Plan or the Plan Supplement, the Liquidation Trust shall promptly make payment to Lighthouse Document Technologies, Inc. ("Lighthouse") of the following amounts (the "Lighthouse Cure Amount"): (i) $136,166.94, representing pre-petition amounts due under the Services Agreement dated July 23,

2021, by and between Zymergen Inc. and Lighthouse (the "Lighthouse Agreement"), plus (ii) an amount to be agreed upon by the Debtors or Liquidation Trust, as appropriate, and Lighthouse or ordered by the Court with respect to post-petition amounts due under the Lighthouse Agreement, to cure defaults under the Lighthouse Agreement pursuant to section 365 of the Bankruptcy Code in connection with the assumption and assignment under the Plan of the Lighthouse Agreement if Lighthouse does not receive payment of such amount from applicable insurance coverage by the earlier of (i) June 30, 2024, or (ii) 120 days after the Effective Date. In the event Lighthouse receives payment of the Lighthouse Cure Amount both from applicable insurance coverage and from the Liquidation Trust, Lighthouse shall promptly return the Lighthouse Cure Amount to the Liquidation Trust. For the avoidance of doubt, effective as of the Effective Date, the Liquidation Trust shall assume the Debtors' obligations under the Lighthouse Agreement in accordance with section 365 of the Bankruptcy Code, this Order and the Plan. Until Lighthouse receives payment of the Lighthouse Cure Amount in accordance with this paragraph, the Liquidation Trust shall reserve cash sufficient to pay the Lighthouse Cure Amount. Any dispute regarding the amount of the Lighthouse Cure Amount shall be determined by the Court at the omnibus hearing scheduled for March 4, 2024, at 2:00 p.m. (ET), unless the Debtors or Liquidation Trust, as appropriate, and Lighthouse agree otherwise. Any such agreement shall be deemed as incorporated into the terms of this paragraph of the Confirmation Order.

### Notice of Entry of Confirmation Order and Effective Date

44.     Pursuant to Bankruptcy Rules 2002 and 3020(c), the Debtors are hereby authorized to serve a notice of entry of this Confirmation Order and the occurrence of the Effective Date on the Effective Date on all holders of Claims against or Interests in the Debtors and all other Persons on whom the Confirmation Hearing Notice was served. The Notice of Confirmation and Effective Date shall constitute good and sufficient notice of the entry of this Confirmation Order and of the

relief granted herein, including, without limitation, any bar dates and deadlines established under the Plan and this Confirmation Order, and no other or further notice of the entry of this Confirmation Order, the occurrence of the Effective Date, and any such bar dates and deadlines need be given.

46. After the Effective Date, the Debtors shall have authority to send a notice to Entities that to continue to receive documents pursuant to Bankruptcy Rule 2002, such Entities must file a renewed request to receive documents pursuant to Bankruptcy Rule 2002. After the Effective Date, the Liquidation Trust is hereby authorized to limit the list of Entities receiving documents pursuant to Bankruptcy Rule 2002 to (i) those Entities who have filed such renewed requests and (ii) those Entities whose rights are affected by such documents.

## Retention of Jurisdiction

46. Under sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, this Court shall retain jurisdiction over all matters arising out of, or related to, these chapter 11 cases, the Plan, and related Plan documents, to the fullest extent permitted by applicable law, including, among other things, to take the actions specified in Section 12 of the Plan and to adjudicate any disputes relating to the Liquidation Trust and the Liquidation Trustee.

## Rules Governing Conflicts Between Documents

47. In the event that any provision of the Plan is inconsistent with the provisions of the Disclosure Statement, the Plan Supplement, the Liquidation Trust Agreement or any order in these chapter 11 cases, or any other agreement to be executed by any Person pursuant to the Plan, the provisions of the Plan shall control and take precedence; *provided*, *however*, that this Confirmation Order shall control and take precedence in the event of any inconsistency between this Confirmation Order, any provision of the Plan, and any of the foregoing documents.

**Section 1146 Exemption**

48.     To the maximum extent provided by section 1146 of the Bankruptcy Code, (i) the issuance, distribution, transfer or exchange of any debt, equity security or other interest in the Debtors; or (ii) the making, delivery or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan, shall not be taxed under any law imposing a stamp tax or similar tax.  To the extent that the Debtors or Liquidation Trustee elects to sell any property after the Confirmation Date, such sales of property shall be exempt from any transfer taxes in accordance with section 1146(a) of the Bankruptcy Code.  All subsequent issuances, transfers or exchanges of securities, or the making or delivery of any instrument of transfer by the Debtors in the Chapter 11 Cases shall be deemed to be or have been done in furtherance of the Plan.

**Headings**

49.     Headings utilized herein are for convenience and reference only, and do not constitute a part of the Plan or this Confirmation Order for any other purpose.

- 31 -

**No Stay of Confirmation Order**

50.     Notwithstanding Bankruptcy Rules 3020(e) and 6004(h) and any other Bankruptcy Rule to the contrary, to the extent applicable, there is no reason for delay in the implementation of this Confirmation Order and, thus, this Confirmation Order shall be effective and enforceable immediately upon entry.

**Dated: February 5th, 2024**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**